UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUANE ALVES,<br>    Plaintiff<br><br>v.<br><br>JOHN DALY, JAMES HYDE, ARIEL COLLAZO,<br>CHRISTOPHER BORU, LUIZ MARTINEZ,<br>JONATHAN WELCH, EDMOND M. RICHARDI,<br>NORTH STREET STEAK HOUSE AND SPORTS<br>BAR, INC., and FIDDE REALTY, LLC,<br>    Defendants | C. A. No. 1:12-CV-10935-MLW |

## DEFENDANT, EDMOND M. RICHARDI'S MOTION TO DISMISS COUNT IX OF THE PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

**NOW COMES** the Defendant, Edmond M. Richardi (hereinafter "Richardi"), and respectfully moves that this Honorable Court **DISMISS** Count IX of the Plaintiff's Complaint against him, individually, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). As grounds for the Defendant, Richardi, states as follows:

### FACTS

Count IX of the Plaintiff's Complaint alleges a violation of G.L. c. 93A against "Richardi," North Street, and Fidde (Count IX). Accepted as true for purposes of the Defendant, Richardi's, Motion to Dismiss, the Plaintiff's Complaint states the following facts which are pertinent to the Defendant's present motion.

Defendant, Richardi, is a natural person with a last and usual residence located at 67 Ostrom Street, East Falmouth, (Barnstable County) Massachusetts. (Complaint, ¶ 10). Richardi owns and controls the Steak House and Fidde. (Complaint, ¶ 14). Richardi is responsible for establishing

policies and procedures to ensure the safety of patrons and invitees of Steak House, and for hiring qualified security personnel to staff the premises. (Complaint, ¶ 15). Steak House had only one security guard on duty when the Plaintiff claims to have suffered personal injury. (Complaint, ¶ 54). Steak House had a pattern and practice of refusing to call the police even in circumstances which warrant it, such as assaults on patrons and invitees to the premises. (Complaint, ¶ 55). Steak House has a pattern and practice of providing inadequate security during peak operating hours. (Complaint, ¶ 56). These patterns and practices were authorized and approved by Richardi. (Complaint, ¶ 57).

## LAW

When evaluating the sufficiency of a complaint under Fed. R. Civ. P. 12(b)(6), the court accepts as true its factual allegations and draws all reasonable inferences in favor of the plaintiffs. Iannacchino v. Ford Motor Co., 451 Mass 623, 636; 888 N.E. 2d 979 (2008). To survive a motion to dismiss, a complaint must contain factual allegations which, if true, raise a right to relief above the speculative level. Mere labels and conclusory allegations will not suffice. Id. Rather, a complaint must allege facts "plausibly suggesting (not merely consistent with) an entitlement to relief." Id. (internal quotation marks omitted).

Massachusetts General Laws Chapter 93A, in pertinent part, states:

> "Trade" and "commerce" shall include the advertising, the offering for sale, rent or lease, the sale, rent, lease or distribution of any services and any property, tangible or intangible, real, personal or mixed, any security as defined in subparagraph (k) of section four hundred and one of chapter one hundred and ten A and any contract of sale of a commodity for future delivery, and any other article, commodity, or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this Commonwealth.

G.L. c. 93A, § 1(b).

[The remainder of this page is intentionally left blank]

## ARGUMENT

1. **The Plaintiff's Complaint Against Richardi For Violation of G.L. c. 93A Should Be Dismissed Because The Plaintiff Fails To Allege Any Facts In Support of 93A Liability as to Richardi Individually.**

A plausible reading of Count IX of the Plaintiff's Complaint is that his claim for violation of G.L. c. 93A is directed at Defendant, Richardi individually. Indeed, the Plaintiff asserts that Defendant, Richardi, was involved in trade or commerce within the meaning of G.L. c. 93A, § 1 (Complaint, ¶ 93). Nowhere, however, does the Plaintiff allege any specific facts in support of his apparent contention that the Defendant, Richardi, is somehow individually engaged in a trade or commerce as required for liability under G.L. c. 93A, § 1(b).

The specific facts set forth in the Plaintiff's Complaint in support of 93A liability against Defendant, Richard, individually are limited to allegations of conduct which was within the scope of Richardi's role as an owner and officer of Defendant, North Street Steakhouse and Sports Pub, Inc., but are devoid of any allegations of conduct which could establish individual liability. For example, in the most generally terms lacking any specificity, the Plaintiff contends that Defendant, Richardi, misled invitees into believing that Steak House was safe and secure for workers and invitees.

The Plaintiff further asserts that Defendant, Richardi, was responsible for establishing policies and procedures to ensure the safety of patrons and invitees of Steak House, and for hiring qualified security personnel to staff the premises. (Complaint, ¶ 15). These tasks, however, fall squarely within Defendant, Richardi's, duties as manager, owner and officer, of Steak House, and fail to even suggest individual liability as to Defendant, Richardi.

Moreover, the Plaintiff's factual allegations do not contain any assertions that Defendant, Richardi, might be personally liable as an individual for 93A violations under a corporate veil piercing theory, as set forth under Massachusetts law in <u>My Bread Baking Co. v. Cumberland Farms, Inc.</u>, 353

Mass. 614; 233 N.E.2d 748 (1968) (see also, Saveall v. Adams, 36 Mass. App. Ct. 349, 353 ; 631 N.E. 2d 561, 564 (1994) (dismissing 93A claim against Defendants, individually, for failure to allege facts sufficient to pierce corporate veil under). In the absence of any factual assertions tending to support piercing the corporate veils of Defendant, North Street Steakhouse and Sports Pub, Inc., or Fidde Realty, LLC, Defendant, Richardi, is entitled to the customary protections from individual liability which is legally afforded to owners and officers of corporate entities.

Thus, in the absence of specific factual assertions in support of 93A liability against Defendant, Richardi, individually, and no factual assertions which might support piercing the corporate veils of the corporate defendants, the Plaintiff's 93A claim against Defendant, Richardi, individually, are merely "speculative," Iancchino, supra, and must be dismissed for failure to state a claim under Mass. R. Civ. P. 12 (b)(6). Id.

## CONCLUSION

**WHEREFORE**, the Defendant, Edmond M. Richardi respectfully moves that this Honorable Court **DISMISS** Count IX of the Plaintiff's Complaint against him, individually, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,
Defendant, Edmond M. Richardi,
By his attorney,

*(x) Steven T. Snow*
Steven T. Snow
(BBO#558331)
Law Offices of Steven T. Snow
2 Oak Street, Suite 202
P.O. Box 628
Mashpee, MA 02649
(508) 477-7100
sts@mashpeelaw.com

Dated: August 24, 2012

## CERTIFICATE OF SERVICE

I hereby certify the below listed counsel of record is registered on the court's CM/ECF database. Therefore, the individual will receive notification of the filling of the within document from the court's electronic notification system, [ECF] and will have the ability to access the said document through the court's website, and will not receive a copy of said document by first class mail, postage pre-paid from the undersigned upon filling.

Robert D. Cohan, Esquire
Cohan Rasnick Myerson LLP
One State Street, 12th Floor
Boston, MA 02109

Jonathan D. Plaut
Chardon Law Offices
One State Street, 12th Floor
Boston, MA 02109

                                                                       *(x) Steven T. Snow*
                                                                        Steven T. Snow

Dated: August 24, 2012