UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DUANE ALVES,                        )
    Plaintiff,                  )
                                )
    v.                          )     C.A. No. 12-10935-MLW
                                )
JOHN DALY, JAMES HYDE, ARIEL        )
COLLAZO, CHRISTOPHER BORUM, LUIZ    )
MARTINEZ, JONATHAN WELCH, EDMOND M.)
RICHARDI, NORTH STREET STEAK HOUSE )
AND SPORTS BAR, INC. and FIDDE      )
REALTY, LLC,                        )
    Defendants                  )

MEMORANDUM AND ORDER

WOLF, D.J.                                      March 29, 2013

I. INTRODUCTION

    Plaintiff Duane Alves ("Alves") brings the instant civil rights suit, alleging that some of the defendants attacked him in a public eating establishment and the establishment did not take action to prevent or halt the attack.

    There are six pending motions in this case, five of which are addressed in this Memorandum and Order. The first two motions concern service of process, and they are: (1) plaintiff Duane Alves' Motion for Leave to Effect Service of Process on Defendant Police Officers Ariel Collazo and Christopher Borum Via Publication or Service Upon Their Employers (the "Alves Motion for Alternative Service"); and (2) defendants North Street Steak House and Sports Bar, Inc., Jonathan Welch, Luiz Martinez, and Edmond M. Richardi's Motion for Appointment of a Special Process Server (the "Motion for a Special Process Server"). The third motion addressed by this

Memorandum and Order is Defendant, Edmond M. Richardi's Motion to Dismiss Count IX of the Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion to Dismiss Count IX"). The Motion to Dismiss Count IX seeks dismissal of plaintiff's claim under the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, §11. The fourth motion addressed in this Memorandum and Order is Plaintiff, Duane Alves' Motion for Leave to File First Amended Complaint (the "Motion to Amend"). The final motion is Plaintiff, Duane Alves' Emergency Motion for Status Conference (the "Motion for a Status Conference").

For the reasons stated below, the Alves Motion for Alternative Service is being allowed in part and denied in part without prejudice, and service by publication is authorized concerning defendant Christopher Borum; defendants' Motion for a Special Process Server is being denied without prejudice; defendant Richardi's Motion to Dismiss Count IX is being denied; plaintiff's Motion to Amend is being allowed; and plaintiff's Motion for a Status Conference is moot.

II. FACTS AND PROCEEDINGS

On May 24, 2012, plaintiff brought this civil rights action, which generally alleges that the white defendant law enforcement officers attacked Alves, an African American man, at Steak House & Sports Bar. Alves claims that he was performing as a disc jockey at Steak House & Sports Bar on the day he was attacked. Steak House &

2

Sports Bar is owned by defendant North Street Steak House and Sports Bar, Inc. ("North Street, Inc."), and allegedly is located on property owned by defendant Fidde Realty, LLC ("Fidde Realty") (collectively "the corporate defendants"). Alves claims that the corporate defendants and their agents failed to take action to prevent the attack on him at Steak House & Sports Bar.

Specifically, with regard to defendant Richardi, plaintiff alleges that Richardi manages the Steak House & Sports Bar; is the president, treasurer, secretary, and a director of North Street, Inc.; and is a trustee and manager of Fidde Realty. Plaintiff claims that Richardi is responsible for creating policies and procedures concerning the safety of patrons at the Steak House & Sports Bar. He further alleges that Richardi is responsible for Steak House & Sports Bar's pattern and practice of not providing adequate security and not calling law enforcement when the circumstances warrant police intervention, such as when patrons are being assaulted. According to plaintiff's Complaint, Richardi misled Alves to believe that the Steak House & Sports Bar was a safe and secure establishment, and that plaintiff would be protected from harm while on the premises.

On July 13, 2012, defendant Daly, an officer with the Drug Enforcement Agency, filed an answer to the Complaint, asserting numerous affirmative defenses.

On July 20, 2012, plaintiff filed the Alves Motion for

3

Alternative Service, which seeks a court order allowing for an alternative method of serving process on defendants Ariel Collazo and Borum. Plaintiff claims that he has been unable to serve process on those two defendants despite his diligent efforts, and submits an affidavit of his counsel, Jonathan Plaut, Esq., to support his contentions. Specifically, plaintiff states that his efforts to effectuate service include: (1) having the Middlesex County Sheriff's office attempt to serve Collazo in hand on many occasions and Borum on approximately four occasions; (2) leaving three telephone message for Borum at his workplace to try to determine when he will be physically present there, but to no avail; (3) requesting via certified mail that Borum waive service of process, and receiving no affirmative response; and (4) unsuccessfully attempting to ascertain Borum and Collazo's residential addresses.

On July 30, 2012, Fidde Realty and Richardi filed Defendant Fidde Realty LLC's Motion to Dismiss (the "Fidde Realty Motion to Dismiss") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Richardi was not named in the title of that motion. However, the motion and accompanying memorandum indicate that the motion was filed on behalf of both him and defendant Fidde Realty. Plaintiff opposed that motion to dismiss.

On August 24, 2012, answers to the Complaint were filed by defendants Richardi; North Street, Inc.; Luiz Martinez, the alleged manager on duty at the Steak House & Sports Bar on the night of the

attack; and Jonathan Welch, who allegedly was the security guard on duty at the Steak House & Sports Bar on the night of the attack. As part of their answers, each of the foregoing defendants asserted numerous affirmative defenses, filed cross claims against other defendants, and filed third-party complaints against five individuals, Eric Short, Fabio Rossi, Patrick Roundree, Jeff Wahtola, and Richard Armeson.

Also on August 24, 2012, defendant Richardi filed the Motion to Dismiss Count IX (plaintiff's Chapter 93A, §11 claim) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed that motion.

On August 30, 2012, plaintiff moved for leave to file a first amended complaint. As grounds for his Motion to Amend, plaintiff asserts that he seeks to clarify that some of the individual defendants involved in the alleged attack were acting within the scope of their employment at the time of the time of the attack, and that their employers were aware of that fact. Plaintiff also seeks leave to amend his Complaint to include a Chapter 93A, §9 claim against defendants Richardi, North Street, Inc., and Fidde Realty. Alves claims that after filing his Complaint, he served the requisite Chapter 93A demand letter on those defendants and received no response. Finally, plaintiff seeks to add claims against defendant Borum for assault, battery, violation of 42 U.S.C. §1985 (conspiracy to interfere with civil rights), and violation of

Massachusetts General Laws chapter 93, §102 (Massachusetts equal rights statute). As a basis for adding those claims, Alves states that since the filing of his Complaint he has received sworn responses to interrogatories in a related state court case that bear on defendant Borum's alleged participation in the attack. Defendants have not filed an opposition to plaintiff's Motion to Amend.

On November 5, 2012, a subset of defendants filed the Motion for a Special Process Server, requesting that the court appoint Howard Coleman of the Cape Cod Constables to serve a summons and complaint on third-party defendants Eric Short, Fabio Rossi, Patrick Roundree, Jeff Wahtola, and Richard Armeson. In support of the Motion for a Special Process Server, defendants filed an affidavit of Steven T. Snow, Esq., counsel for various defendants. In his affidavit, Mr. Snow states that he has called the United States Marshal Service on numerous occasions to coordinate the simultaneous service of process on the above-named third-party defendants, but has not received a return telephone call. No legal memorandum accompanies the Motion for a Special Process Server.

III. DISCUSSION

   A. The Alves Motion for Alternative Service

Plaintiff moves for leave to effectuate service of process on defendants Borum and Collazo by publication or service on their employers. In this case, service of process on Borum by publication and by serving his employer is warranted. However, an alternative

method of service on defendant Collazo is not permissible at this time.

An individual "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); <u>see also</u> <u>Blair v. City of Worcester</u>, 522 F.3d 105, 110 (1st Cir. 2008) ("This action was brought in a federal district court located in Massachusetts, and service was attempted in Massachusetts; therefore, the plaintiffs were also permitted to serve the defendants in accordance with Massachusetts state law.").

Under Massachusetts state law, in certain limited circumstances, service by a court order of notice is a valid method of service:

> If the person authorized to serve process makes return that after diligent search he can find neither the defendant, nor defendant's last and usual abode, nor any agent upon whom service may be made in compliance with this subsection, the court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law.

Mass. R. Civ. P. 4(d)(1); <u>see also</u> <u>Rua v. Glodis</u>, No. 10-40251-FDS, 2011 WL 5076319, at *1 (D. Mass. Oct. 24, 2011) ("Massachusetts rules allow service by a court order of notice, but such orders may be granted only if, after 'diligent search,' the plaintiff 'can find neither the defendant, nor defendant's last and usual abode, nor any agent upon whom service may be made.'" (quoting Mass. R. Civ. P.

4(d)(1)). This state Rule allowing for a court order of notice is rooted in a Massachusetts statute, which provides, in pertinent part:

> If a defendant in a civil action is absent from the commonwealth or his residence is unknown to the officer serving the summons and complaint, and no personal service has been made on him or his agent[,] . . . the court, upon suggestion thereof by the plaintiff, shall order the action to be continued until notice of the action is given in such manner as it may order.

Mass. Gen. Laws ch. 227, §7.

Plaintiff's attempts to serve process on Borum have been sufficiently diligent to warrant an alternative method of service of process on him in this case. Where a plaintiff, on his own or through a process server, makes numerous unsuccessful attempts to effectuate service of process on a defendant, an alternative method of service may be permissible under Massachusetts law. See Wallenstein v. Ballou, No. 979, 1996 WL 448239, at *1 (Mass. App. Div. Aug. 5, 1996). In Wallenstein, the court upheld service by publication where the plaintiff mailed a demand letter to the defendant, "defendant did not return numerous phone calls that were made to a phone number where she had an answering machine[,] . . . [and] defendant could not be contacted at her last known address by a constable." Id.

In this case, Alves has made such efforts with respect to Borum. Plaintiff sought from Borum a waiver of service of process under Federal Rule of Civil Procedure 4(d), repeatedly called

defendant Borum's workplace and left messages, had the Middlesex County Sheriff's office attempt to effectuate in-hand service on approximately four occasions, and tried to determine Borum's last known residential address. Therefore, an alternative method of serving process on Borum is warranted. See Wallenstein, 1996 WL 448239, at *1.

An alternative method of serving process on defendant Collazo is not warranted, however, because plaintiff has not exhibited the requisite diligence with respect to serving process on that defendant. A plaintiff's failure to use information in his possession to effectuate service of process militates against the court exercising its discretion to allow for an alternative method of service. See Santiago v. Marchese, No. 09-ADMS-10002, 2009 WL 1563596, at *2 (Mass. App. Div. May 28, 2009). In Santiago, the court concluded that the plaintiff's search for the defendant was not sufficiently diligent where, among other things, he did not contact any of the defendant's family members or acquaintances that he might have known to attempt to ascertain the defendant's whereabouts. See id.

With regard to plaintiff's attempts to effectuate service on Collazo, there is no evidence that he has done anything more than seek to have the Middlesex County Sheriff's office effectuate in-hand service and attempt to determine defendant Collazo's residential address. Plaintiff has additional avenues that he can

pursue to effectuate service on defendant Collazo, some of which are the same avenues that he pursued in his attempts to serve defendant Borum. For example, plaintiff knows that defendant Collazo works at the Somerville Police Department, but it does not appear that he has attempted to contact Collazo there by mail or telephone, as he did with Borum at his place of employment. Nor has plaintiff requested that Collazo waive service of process under Federal Rule of Civil Procedure 4(d), as he did with Borum. Accordingly, plaintiff has not made a showing of sufficient diligence to merit an alternative method of serving process on defendant Collazo.

The court must next decide what alternative method of service on Borum is most appropriate. Under Massachusetts Rule of Civil Procedure 4(d)(1), it is within the court's "discretion whether to order service by publication or by any other method." Santiago, 2009 WL 1563596, at *2. However, because service of process implicates a defendant's right to due process, methods of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); see also Jones v. Flowers, 547 U.S. 220, 226 (2006) (stating notice may be deemed constitutionally sufficient if it is reasonably calculated to reach the intended recipient when sent).

In this case, where plaintiff is aware of Borum's place of

employment, the method of service most likely to inform defendant Borum of this lawsuit is service of process on counsel for defendant's employer, the City of Cambridge Police Department. To maximize the likelihood that defendant Borum will be apprised of this lawsuit, service by publication is also being ordered.[1]

   B. <u>Defendants' Motion for a Special Process Server</u>

   Defendants' Motion for a Special Process Server seeks a court order appointing Howard Coleman, of Cape Cod Constables, to serve process on certain third-party defendants. As grounds for this motion, the moving defendants state that their attempts to have the United States Marshals serve process on the third-party defendants have been unsuccessful.

   The court has the discretion to "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). However, the court appointment of a process server is generally unnecessary because the Federal Rules of Civil Procedure also provide that, "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2); <u>see also</u> 4A Charles A. Wright

---

   [1] The court notes that no attorney has entered an appearance on behalf of Borum in this case. Therefore, plaintiff's counsel cannot contact defendant Borum's counsel to determine if defendant's counsel would accept service of process on defendant Borum's behalf. In addition, because Borum is unrepresented, the court cannot order his counsel to submit <u>ex</u> <u>parte</u> and under seal the last known address of Borum so that the court could effectuate service of process through the United States Marshals. <u>See</u> <u>Rua</u>, 2011 WL 5076319, at *1-2.

& Arthur R. Miller, <u>Federal Practice and Procedure</u> §1091 (3d ed. 2012) ("Wright & Miller") ("A court appointment no longer is necessary when the plaintiff wants to use someone other than a marshal or deputy marshal" to effectuate service). "Stated differently, a court appointment will be appropriate only when a particular person is needed or that person needs to be given an authority that is not available to the ordinary private process server." Wright & Miller §1091.

Howard Coleman, the person whom the moving defendants seek to have the court appoint as a special process server, is not a party to this case and is not less than eighteen years old. Therefore, it appears that Coleman is qualified to serve process under Federal Rule of Civil Procedure 4(c)(2). Neither the Motion for a Special Process Server nor the accompanying affidavit state why Coleman cannot serve process under that provision. Defendants do not contend that Coleman needs special authority that is unavailable to him as an ordinary process server to effectuate service on the pertinent third-party defendants. Therefore, there is no basis for appointing Coleman as a special process server in this case.

C. <u>Defendant Richardi's Motion to Dismiss Count IX</u>

Defendant Richardi has moved to dismiss plaintiff's claim that he engaged in unfair and deceptive business practices under the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, §11. The basis for defendant Richardi's Motion to Dismiss Count IX is

that plaintiff has failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

1. <u>Preliminary Procedural Issue</u>

There is a preliminary procedural issue for the court to address with regard to the Motion to Dismiss Count IX. Prior to Richardi's filing of the Motion to Dismiss Count IX, defendant Fidde Realty filed the Fidde Realty Motion to Dismiss. The Fidde Realty Motion to Dismiss, although it does not name Richardi in its title, also seeks to dismiss plaintiff's Chapter 93A, §11 claim against Richardi for failure to state a claim. The arguments presented in the Fidde Realty Motion to Dismiss are distinct from those made by Richardi in the Motion to Dismiss Count IX.

Because Richardi had sought to dismiss plaintiff's Chapter 93A, §11 claim in the Fidde Realty Motion to Dismiss, it was impermissible for him to subsequently file the Motion to Dismiss Count IX. <u>See</u> Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). However, under Rule 12(h)(2), Richardi could permissibly raise the argument that he presents in the impermissibly filed Motion to Dismiss Count IX in a future answer or at trial. <u>See</u> Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised: (A) in any pleading

allowed or ordered under Rule 7(a) . . . or (C) at trial.").

Rather than deny the Motion to Dismiss Count IX as impermissibly filed under Federal Rule of Civil Procedure 12(g)(2), the court is exercising its discretion to decide the motion on the merits. See F.T.C. v. Innovative Marketing, Inc., 654 F. Supp. 2d 378, 383 (D. Md. 2009) ("many courts have interpreted [] rules [12(g) and 12(h)(2)] permissively and have accepted subsequent motions on discretionary grounds"). Because defendant Richardi could raise the argument in his Motion to Dismiss Count IX at some future point in the litigation, see Fed. R. Civ. P. 12(h)(2), it is in the interest of judicial economy to decide the motion at this juncture.

2. Legal Standard

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "take all factual allegations as true and [] draw all reasonable inferences in favor of the plaintiff." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007) (emphasis in original); see also Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009). The court must "neither weigh[] the evidence nor rule[] on the merits because the issue is not whether the plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support their claims." Day v. Fallon Cmty. Health Plan, Inc., 917 F. Supp. 72, 75 (D. Mass. 1996). A motion to dismiss should be denied if a plaintiff has shown "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550

U.S. 544, 559 (2007); <u>see also</u> <u>Rodriguez-Ortiz</u>, 490 F.3d at 95-96 (applying the <u>Bell Atl.</u> standard to a claim under the Private Securities Litigation Reform Act); <u>Morales-Tanon v. P.R. Elec. Power Auth.</u>, 524 F.3d 15, 18 (1st Cir. 2008) (applying the <u>Bell Atl.</u> standard to a claim under 42 U.S.C. §1983).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but does require "more than labels and conclusions, . . . a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl.</u>, 550 at 555 (internal citation omitted). A court may disregard "bald assertions, unsupportable conclusions, and opprobrious epithets." <u>In re Citigroup, Inc.</u>, 535 F.3d 45, 52 (1st Cir. 2008) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is <u>plausible</u> on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl.</u>, 550 U.S. at 570 (emphasis added)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Bell Atl.</u>, 550 U.S. at 557).

### 3. <u>The Motion to Dismiss Count IX Is Not Meritorious</u>

Richardi's sole argument in support of his Motion to Dismiss Count IX is that he cannot be held personally liable under Chapter 93A, §11. He maintains that plaintiff's allegations against him solely concern his conduct as a manager, officer, and owner of the corporate defendants, and not his individual involvement in any unfair or deceptive trade or commerce. He further argues that plaintiff makes no allegations that support piercing the corporate veil. On those bases, Richardi contends that plaintiff has not stated a plausible claim under Chapter 93A, §11 against him as an individual. Defendant is mistaken, however, because an officer or owner of a corporation may be individually liable under Chapter 93A, §11 even if a plaintiff does not pierce the corporate veil.

Chapter 93A, §11 allows for suits between persons engaged in trade or commerce for their use of unfair or deceptive practices. The statute provides, in pertinent part:

> Any person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice declared unlawful by section two or by any rule or regulation issued under paragraph (c) of section two may, as hereinafter provided, bring an action in the superior court, or in the housing court . . . for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper.

Mass. Gen. Laws ch. 93A, §11. Section 2(a) of Chapter 93A states: "Unfair methods of competition and unfair or deceptive acts or

practices in the conduct of any trade or commerce are hereby declared unlawful." In addition, the definition of the terms "'trade' and 'commerce' shall include":

> the advertising, the offering for sale, rent or lease, the sale, rent, lease or distribution of any services and any property, tangible or intangible, real, personal or mixed, any security . . . and any contract of sale of a commodity for future delivery, and any other article, commodity, or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this commonwealth.

Mass. Gen. Laws ch. 93A, §1(b).

It is true that individual officers and owners of a corporation often cannot be held liable for the actions of the corporation unless a plaintiff can pierce the corporate veil. See My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 618-19 (1968). However, a plaintiff does not need to pierce the corporate veil to hold an officer of a corporation "personally liable for a tort committed by the corporation that employs him, if he personally participated in the tort by, for example, directing, controlling, approving, or ratifying the act that injured the aggrieved party." Townsends, Inc. v. Beaupre, 716 N.E.2d 160, 164 (Mass. App. Ct. 1999); see also Micro Signal Research, Inc. v. Otus, 417 F.3d 28, 31 (1st Cir. 2005) ("fraud by a corporate officer normally makes him independently liable without any need to pierce the corporate veil"); Ray-Tek Servs., Inc. v. Parker, 831 N.E.2d 948, 958 (Mass. App. Ct. 2005) ("'A corporate officer is [personally] liable for a tort committed by the corporation that employs him, if he personally

participated in the tort,' so in 'these circumstances [the defendant] cannot hide behind the corporation.'" (quoting <u>Townsends, Inc.</u>, 716 N.E.2d at 164)).

A defendant's liability under Chapter 93A, §11 can be based on a theory of tort or contract. <u>See</u> <u>Kitner v. CTW Transp., Inc.</u>, 762 N.E.2d 867, 872 (Mass. App. Ct. 2002); <u>Standard Register Co. v. Bolton-Emerson, Inc.</u>, 649 N.E.2d 791, 793 (Mass. App. Ct. 1995). When a claim that a defendant is liable under Chapter 93A is based on a tort theory, it follows that an officer can be held individually liable if he personally participated in unfair or deceptive conduct that violated Chapter 93A. <u>See</u> <u>Marshall v. Stratus Pharm., Inc.</u>, 749 N.E.2d 698, 707-08 (Mass. App. Ct. 2001) ("Although acting within their authority as officers," the individual officers "are personally liable for their own misrepresentations made to [the plaintiff] in violation of G.L. c. 93A, §11" (internal quotation marks omitted)); <u>see also</u> <u>Cmty. Builders, Inc. v. Indian Motocycle Assoc., Inc.</u>, 692 N.E.2d 964, 979 (Mass. App. Ct. 1998) ("It is settled that corporate officers may be held liable under c. 93A for their personal participation in conduct invoking its sanctions.").

Accordingly, a plaintiff can state a tort-based claim under Chapter 93A "even if the [plaintiff's] complaint [] failed to set forth a sufficient basis for denial of the defendants' dismissal motion on a theory of piercing the corporate veil." <u>Shaw v. Yellin</u>,

No. 07-ADAMS-40024, 2008 WL 2627637, at *3 (Mass. App. Div. June 30, 2008), aff'd, 912 N.E.2d 1040 (Mass. App. Ct. 2009); see also Trenwick Am. Reins. Corp. v. IRC, Inc., 764 F. Supp. 2d 274, 305-06 (D. Mass. 2011) (concluding that the corporate veil should not be pierced but that an individual officer was liable under Chapter 93A). Therefore, Alves is not required to allege facts that support piercing the corporate veil to state a tort-based claim under Chapter 93A, §11 against defendant Richardi as an individual.

The following allegations from plaintiff's Complaint regarding Richardi are taken as true for purposes of considering the Motion to Dismiss Count IX. Richardi is: a natural person who manages the Steak House & Sports Bar; the president, treasurer, secretary, and a director of North Street, Inc.; and a trustee and manager of Fidde Realty. He is responsible for creating policies and procedures concerning the safety of patrons at the Steak House & Sports Bar. Richardi is also responsible for hiring personnel to perform security functions on the premises. On the night that Alves was attacked at the Steak House & Sports Bar, there was only one security guard on duty, and he had left his post prior to the initial attack on Alves. The Steak House & Sports Bar has a pattern and practice of not providing adequate security and not calling law enforcement when the circumstances warrant police intervention, such as when patrons are being assaulted. Richardi authorized and approved those patterns and practices. Richardi misled Alves to

believe that the Steak House & Sports Bar was a safe and secure establishment and that he would be protected from harm while on the premises.

Plaintiff has plausibly alleged that Richardi engaged in trade or commerce by owning and managing an eating and drinking establishment that sold food and alcohol to the people of the Commonwealth. See Lantner v. Carson, 374 Mass. 606, 611 (1978) (defining "persons engaged in the conduct of any trade or commerce" as "individuals acting in a business context"); see also Frullo v. Landenberger, 814 N.E.2d 1105, 1112 (Mass. App. Ct. 2004).

Alves also plausibly alleges that Richardi's unfair and deceptive business practices sound in tort. Plaintiff claims that Richardi violated Chapter 93A, §11 by misleading invitees, including plaintiff, to believe that the Steak House & Sports Bar was a safe location, when in fact it was not. A corporate officer's misrepresentations can render him personally liable under Chapter 93A, §11. See Marshall, 749 N.E.2d at 708. Therefore, plaintiff's allegations against Richardi could, if proven, establish Richardi's personal liability under Chapter 93A, §11.

In the Motion to Dismiss Count IX, Richardi does not attack the plausibility of plaintiff's allegations except by contending that Alves failed to plead facts that justify holding Richardi personally liable. Therefore, the court will not, in this Memorandum and Order, address any other potential arguments regarding the sufficiency of

plaintiff's allegations against Richardi.

The arguments that defendant Richardi raised in the Fidde Realty Motion to Dismiss are not affected by this Memorandum and Order, and will be addressed when the court considers that motion.

D. <u>Plaintiff's Motion to Amend the Complaint</u>

Plaintiff has moved for leave to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Defendants have not filed an opposition to that motion. Plaintiff seeks to amend his Complaint to clarify some of his existing claims and add new claims against existing defendants. Justice requires that plaintiff's Motion to Amend be allowed.

Although plaintiff does not seek to amend his Complaint as a matter of course, it appears that it would be permissible for him to do so with regard to defendant North Street, Inc. Federal Rule of Civil Procedure 15(a)(1) provides that, before trial:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

North Street, Inc. filed an answer on August 24, 2012, and plaintiff filed his Motion to Amend on August 30, 2012, less than 21 days after defendant's answer was filed. Therefore, plaintiff has a right to amend his Complaint as to defendant North Street,

Inc. as a matter of course. See Fed. R. Civ. P. 15(a)(1).

In cases where a plaintiff cannot amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). Grounds for denying a motion to amend include "'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment.'" ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 56 (1st Cir. 2008) (quoting Foman, 371 U.S. at 182).

With respect to defendants Daly, Fidde Realty, Richardi, Hyde, Borum, and Collazo, plaintiff did not file his Motion to Amend within 21 days of serving the Complaint on those defendants or within 21 days of those defendants filing their responsive pleadings or motions to dismiss. Plaintiff filed his motion to amend on August 30, 2012, more than 21 days after Daly filed his answer on July 13, 2012. Plaintiff's Motion to Amend was also filed more than 21 days after Fidde Realty and Richardi filed the Fidde Realty Motion to Dismiss on July 30, 2012. Plaintiff served process on Hyde on July 23, 2012, more than 21 days before he filed his

Motion to Amend, and Hyde has not yet filed an answer or a motion pursuant to Rule 12. As discussed earlier, plaintiff has been unable to serve process on defendants Borum and Collazo. Accordingly, the court should grant plaintiff leave to amend his Complaint as to those defendants if "justice so requires." Fed. R. Civ. P. 15(a)(2).

In his proposed amended complaint, Alves seeks to clarify his allegations that defendants Borum, Hyde, Collazo, and Daly were acting within the scope of their employment and with the approval of their respective employers at the time of the alleged attack.

Plaintiff also seeks to add a claim under the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, §9, against defendants Richardi, North Street, Inc., and Fidde Realty. A plaintiff seeking to bring a Chapter 93A claim must send a "written demand for relief . . .  to any prospective respondent" at least thirty days prior to filing suit. Mass. Gen. Laws ch. 93A, §9(3). On or about April 30, 2012, after plaintiff filed the Complaint, he claims that he sent the statutorily required Chapter 93A demand letter to defendants Richardi, North Street, Inc., and Fidde Realty, and that they did not respond with an offer of settlement within the thirty-day period provided for by the statute. Where a plaintiff sends a Chapter 93A demand letter to a defendant after filing an initial complaint but more than 30 days prior to seeking leave to amend to include that Chapter 93A claim in his complaint, the

statutory purpose of promoting negotiation and settlement prior to the initiation of a lawsuit is fulfilled. See Bean v. Bank of N.Y. Mellon, No. 12-10930-JCB, 2012 WL 4103913, at *7 n.15 (D. Mass. Sept. 18, 2012); Hansen v. Saxon Mortg. Serv., Inc., No. 11-11128-JLT, 2012 WL 3686448, at *3-4 (D. Mass. Aug. 23, 2012). Therefore, plaintiff's addition of a Chapter 93A, §9 claim is not futile.

Finally, Alves seeks to add claims against defendant Borum for assault, battery, violation of 42 U.S.C. §1985, and violation of Massachusetts General Laws chapter 93, §102. Plaintiff states that he has received responses to interrogatories in a related state court case, which show that Borum was among the officers who allegedly attacked Alves.

Justice requires that plaintiff be allowed the opportunity to amend his Complaint. The court does not perceive any bad faith by plaintiff or prejudice to the defendants that are affected by the proposed amendments. In addition, the proposed amendments do not appear futile or the result of undue delay. Therefore, Alves should be "afforded an opportunity to test his claim[s] on the merits." Foman, 371 U.S. at 182.

IV. ORDER

Accordingly, it is hereby ORDERED that:

1. Plaintiff, Duane Alves' Motion for Leave to Effect Service of Process on Defendant Police Officers Ariel Collazo and Christopher Borum Via Publication or Service Upon Their Employers

24

(Docket No. 15) is ALLOWED as to defendant Borum and DENIED without prejudice as to defendant Collazo.

2. Plaintiff shall, by April 29, 2013, serve process on defendant Borum by serving process on counsel for the City of Cambridge Police Department and by publication in the Boston Globe and Boston Herald for three successive weeks, and promptly file notice of service of process.

3. Defendants' Motion for Appointment of a Special Process Server (Docket No. 39) is DENIED without prejudice.

4. Defendant, Edmond M. Richardi's Motion to Dismiss Count IX of the Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 29) is DENIED.

5. Plaintiff, Duane Alves' Motion for Leave to File First Amended Complaint (Docket No. 34) is ALLOWED. Plaintiff shall, by April 8, 2013, file the amended version of the Complaint that he submitted with his motion.

6. Defendants shall respond to the Amended Complaint by May 17, 2013.

7. A hearing on Defendant Fidde Realty, LLC's Motion to Dismiss (Docket No. 16) and a scheduling conference shall be held on June 5, 2013, at 2:30 p.m. The parties shall comply with the attached Order concerning that conference.

8.   Plaintiff,   Duane   Alves'   Emergency   Motion   for   Status
Conference (Docket No. 43) is MOOT.


                                         /s/ Mark L. Wolf
                                     UNITED STATES DISTRICT JUDGE