```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

DUANE ALVES,                         )
      Plaintiff,                     )
                                     )
            v.                       )     Civ. A. No. 12-10935-MLW
                                     )
JOHN DALY, JAMES HYDE, ARIEL         )
COLLAZO, CHRISTOPHER BORUM,          )
LUIZ MARTINEZ, JONATHAN WELCH,       )
EDMOND M. RICHARDI, NORTH            )
STREET STEAK HOUSE AND SPORTS        )
BAR, INC., and FIDDE REALTY,         )
LLC,                                 )
      Defendants.                    )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                        February 14, 2014

I.   INTRODUCTION

Plaintiff Duane Alves was injured in an altercation while performing as a disc jockey at the North Street Steak House and Sports Bar in Hyannis (the "Steakhouse"). His fifteen-count complaint asserts state-law and federal-law claims against four law-enforcement officials who took part in the altercation and against five other defendants associated with the Steakhouse. The parties are currently conducting discovery.

On October 21, 2013, the court issued an Order that, among other things: permitted certain defendants to file crossclaims; required that any such crossclaims be answered by December 3, 2013; and instructed the parties to meet in order to explore the possibility of settlement and to report on the prospects for

settlement by January 31, 2014. These instructions have not been fully obeyed. The parties' compliance with court orders has been deficient on previous occasions as well. The court has explained to the parties repeatedly that orders must be obeyed, and that further failures to comply will result in sanctions. For the reasons explained below, such sanctions are now appropriate.

In addition, some of the parties, but not all, have stated in response to the October 21, 2013 Order that they are amenable to mediation before this court. The remaining parties are, therefore, being instructed to report whether they, too, consent to such mediation or mediation by a magistrate judge.

Also before the court is a motion by defendant Fidde Realty, LLC ("Fidde") for the entry of separate and final judgment under Federal Rule of Civil Procedure 54(b). For the reasons explained below, this motion is being allowed.

II. FAILURE TO COMPLY WITH COURT ORDERS

    A.   <u>Additional Background</u>

As detailed below, the parties have failed to comply with court orders on several prior occasions.

On June 27, 2013, the court ordered that default enter against defendant Jonathan Welch for failure to obey two orders requiring him to respond to plaintiff's First Amended Complaint. <u>See</u> June 27, 2013 Order ¶1. The court also ordered that default

2

would enter against defendant Luiz Martinez unless he and, if necessary, his counsel, filed affidavits showing cause why default should not enter. See id. ¶2. After the required affidavits were filed, default was ultimately not entered against Martinez. Welch's default was subsequently set aside. See Oct. 21, 2013 Order ¶2.

Paragraph 8 of the June 27, 2013 Order required the parties to meet at least once and to report by August 2, 2013 whether the case had settled. This obligation was satisfied only by Alves and by defendants Edmond M. Richardi, John Daly, and Fidde. On August 14, 2003, the court, therefore, ordered additional affidavits discussing the actions that the parties had taken pursuant to the June 27, 2013 Order and explaining their failures to file reports pursuant to that Order. The court stated that it would "consider those affidavits when deciding whether to institute civil and/or criminal contempt proceedings." Id. ¶6.

The parties filed the affidavits required by the August 14, 2013 Order. The affidavit of defendant Christopher Borum's attorney, Leonard H. Kesten, Esq., which was submitted one day late, did not state that Borum or his attorney had participated in settlement discussions. Instead, the affidavit stated only that Borum "lacks the financial resources to participate in any

3

settlement" and that he "will defend this case vigorously through trial." Kesten Aff. ¶¶2, 4.

At the October 17, 2013 hearing, the court reviewed the parties' repeated failures to comply with its orders. The court noted that Mr. Kesten's affidavit on Borum's behalf was not responsive to the court's August 14, 2003 Order. The court also pointed out that counsel to North Street Steak House and Sports Bar, Inc. ("North Street") had failed to answer the Second Amended Complaint on North Street's behalf, instead filing a second copy of Martinez's answer. See Docket Nos. 120, 121. The court emphasized the seriousness of this case and the importance of compliance with its orders. The parties were informed that failure to follow future orders would result in sanctions, including, if appropriate, default.

B. Violations of the October 21, 2013 Order

The October 21, 2013 Order permitted defendants North Street, Welch, James Hyde, and Ariel Collazo to assert crossclaims and third-party complaints. The court ordered that any such crossclaims or third-party complaints be answered by December 3, 2013. See Oct. 21, 2013 Order ¶6.

In accordance with the October 21, 2013 Order, defendants North Street and Welch filed crossclaims against defendants Daly, Hyde, Collazo, and Borum. To date, Borum has not answered

4

the crossclaims filed by North Street or the crossclaims filed by Welch. Daly has not answered the crossclaims filed by Welch. Daly has, however, filed two submissions that purport to be answers to North Street's crossclaims. See Docket Nos. 143, 150.

The October 21, 2013 Order also instructed the parties' counsel to "meet at least once to explore the possibility of settlement" and to report, by January 31, 2014, the "status and prospects for settlement." Oct. 21, 2013 Sched. Order ¶8. Reports pursuant to this directive were filed by all of the parties except Borum. Alves's report states that "[a]s for Defendant Christopher Borum, neither he nor his counsel appeared to discuss settlement despite being invited, although counsel for Mr. Borum indicated that Mr. Borum was not interested in settling." Pl.'s Notice of Compliance with Settlement Order.

   C.   Discussion

The First Circuit has held that it would be "folly" to "treat[] case-management orders as polite suggestions rather than firm directives." Mulero-Abreu v. Puerto Rico Police Dept., 675 F.3d 88, 89 (1st Cir. 2012). Indeed, "[c]ourts cannot function if litigants may, with impunity, disobey lawful orders." HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 916 (1st Cir. 1988); see also Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003) ("disobedience of court

orders is inimical to the orderly administration of justice"). Disobedience of court orders should, therefore, not be "condoned by a slap on the wrist." Damiani v. Rhode Island Hosp., 704 F.2d 12, 16 (1st Cir. 1983).

Where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the primary sanction is prescribed by Federal Rule of Civil Procedure 55(a): "the clerk must enter the party's default." A party's failure to obey a scheduling order, a discovery order, or any other pretrial order may also subject that party to an array of sanctions, including but not limited to default. See Federal Rules of Civil Procedure 16(f), 37(b)(2).

In addition, criminal contempt proceedings under 18 U.S.C. §401 and Federal Rule of Criminal Procedure 42 may be appropriate where a court order has been violated willfully. The elements of criminal contempt are: "(1) there was a lawful court order of reasonable specificity, (2) the [defendant] violated it and (3) the violation was willful." United States v. Michaud, 928 F.2d 13, 15 (1st Cir. 1991). Before criminal contempt is prosecuted, notice must be provided "in open court, in an order to show cause, or in an arrest order." Fed. R. Crim. P. 42(a)(1). Contempt is prosecuted by "an attorney for the government, unless the interest of justice requires the

6

appointment of another attorney." Fed. R. Crim. P. 42(a)(2). If a sentence of more than six months in prison may potentially be imposed, the defendant is entitled to a trial by jury. See United States v. Pina, 844 F.2d 1, 10 (1st Cir. 1988); United States v. Jones, 620 F. Supp. 2d 163, 178 (D. Mass. 2009).

In the current case, the most appropriate sanction for Borum and Daly's failure to answer the crossclaims against them is, as prescribed by Federal Rule of Civil Procedure 55(a), the entry of default. As for Mr. Kesten's repeated failures to comply with this court's instructions concerning settlement talks, criminal contempt proceedings may be appropriate. The court is, therefore, ordering Mr. Kesten to file an affidavit seeking to show cause why criminal contempt proceedings should not now be instituted against him pursuant to Federal Rule of Criminal Procedure 42.

III. AGREEMENT TO MEDIATION

In their reports concerning settlement filed pursuant to the October 21, 2013 Order, Alves and defendants Martinez, Welch, Richardi, and North Street state that they are prepared to participate in mediation before this court. Defendants Hyde, Collazo, and Daly do not state explicitly whether they are amenable to mediation. Borum, as discussed above, has not filed a response concerning settlement pursuant to the October 21,

2013 Order. The court is, therefore, ordering Hyde, Collazo, Daly, and Borum to inform the court whether they consent to mediation before this court or a magistrate judge.

IV. FIDDE'S MOTION FOR SEPARATE AND FINAL JUDGMENT

    A.    Additional Background

On January 10, 2014, Fidde, the owner of the property on which the Steakhouse is situated, filed a motion for the entry of separate and final judgment under Federal Rule of Civil Procedure 54(b). Fidde reports that it has entered into a settlement agreement with Alves. According to the agreement, Fidde will pay Alves $40,000, and Alves will dismiss with prejudice of all claims against Fidde.

Alves assents to Fidde's motion. He reports that Fidde is awaiting the entry of separate and final judgment before it will pay him the amount of the settlement. None of the other parties has responded to Fidde's motion.

    B.    Discussion

Rule 54(b) provides, in part, that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The First Circuit has held that "Rule 54(b) should be applied sparingly." Nystedt v. Nigro, 700 F.3d 25, 29 (1st Cir. 2012). The entry of separate and final

judgment, "though sometimes useful, is in obvious tension with the 'long-settled and prudential policy against the scattershot disposition of litigation.'" Id. (quoting Spiegel v. Trs. of Tufts Coll., 843 F.2d 38, 42 (1st Cir. 1988)); see also Boston Prop. Exch. Transfer Co. v. Iantosca, 720 F.3d 1, 7 (1st Cir. 2013).

In this case, the court finds that there is no just reason to delay the entry of final judgment on Alves's claims against Fidde. None of the parties has expressed an objection to the entry of separate and final judgment on these claims. Separate and final judgment is necessary in order to effectuate the settlement agreement between Alves and Fidde. In addition, the requested separate and final judgment will not generate "the scattershot disposition of litigation," Spiegel, 843 F.2d at 42, because the judgment to be entered is agreed to by the relevant parties. It will not, therefore, give rise to a separate appeal before this case is adjudicated in its entirety.

V.  ORDER

In view of the foregoing, it is hereby ORDERED that:

1.  Default shall enter against Borum as to the crossclaims of North Street and Welch.

2.  Default shall enter against Daly as to the crossclaims of Welch.

3. By February 28, 2014, Mr. Kesten shall file an affidavit seeking to show cause why criminal contempt proceedings should not now be instituted against him pursuant to Federal Rule of Criminal Procedure 42.

4. By February 28, 2014, defendants Hyde, Collazo, Daly, and Borum shall inform the court whether they consent to mediation by this court or a magistrate judge.

5. Fidde's Motion for Entry of Separate and Final Judgment of Dismissal of All Claims (Docket No. 164) is ALLOWED. Judgment shall, therefore, enter dismissing all claims against Fidde with prejudice.

/s/ Mark L. Wolf<br>UNITED STATES DISTRICT JUDGE