UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUANE ALVES,<br>    Plaintiff,<br><br>    v.<br><br>JOHN DALY, ARIEL COLLAZO,<br>CHRISTOPHER BORUM, LUIS<br>MARTINEZ, JONATHAN WELCH,<br>EDMOND M. RICHARDI, and NORTH<br>STREET STEAK HOUSE AND SPORTS<br>BAR, INC.,<br>    Defendants. | Civ. A. No. 12-10935-MLW |

## MEMORANDUM AND ORDER

WOLF, D.J.                                                      June 29, 2015

On June 29, 2015, the court entered judgment in favor of defendants Edmond Richardi and North Street Steakhouse, Inc., (collectively the "defendants") on plaintiff Duane Alves' claims pursuant to Massachusetts General Laws Chapter 93A Sections 9 and 11. That ruling resolved the final outstanding claims by the plaintiff in this case.

Prior to that judgment, on June 12, 2015, the defendants filed a Motion to Enforce Settlement Agreement. In that motion and supporting affidavit, the defendants allege that they entered into a binding settlement agreement with the plaintiff by which all claims and future appeals would be settled for $25,000. The plaintiff has opposed that motion, asking the court to find that there is no enforceable settlement agreement.

Both parties have filed affidavits in support of their respective positions. Therefore, the court is treating the plaintiff's opposition to the defendant's motion to enforce the settlement as a motion for summary judgment. For the reasons discussed below, the court finds that material factual disputes preclude resolving this issue without an evidentiary hearing. However, in light of the court's denial of Alves' Chapter 93A claims, the court is ordering the defendants to report whether they wish to pursue their motion to enforce the settlement agreement.

I. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is, therefore, appropriate only if there exists no factual dispute that is both "material" and "genuine." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). To determine if a factual dispute is "genuine," the court must assess whether "the evidence is such that a reasonable [finder of fact] could return a verdict for the nonmoving party." Chadwick v. WellPoint, Inc., 561 F.3d 38, 43 (1st Cir. 2009) (quoting Liberty Lobby, 477 U.S. at 248) (internal quotation marks omitted). In making this determination, the court must "constru[e] the record in the light most favorable to the

non-moving party." Douglas v. York Cnty., 433 F.3d 143, 149 (1st Cir. 2005). The court may consider any evidence that could be presented in admissible form at trial. See Fed. R. Civ. P. 56(c)(2).

A court "does not have inherent jurisdiction to enforce a settlement agreement merely because it presided over the law suit that led to the settlement." F.A.C., Inc. v. Cooperativa de Seguros de Vida de Puerto Rico, 449 F.3d 185, 189 (1st Cir. 2006). However, a district court has power to enforce a settlement agreement of an action that is pending before it.[1] See Quint v. A.E. Staley Mfg. Co., 246 F.3d 11, 14 (1st Cir. 2001). "[I]f material facts are in dispute as to the validity or terms of [a settlement] agreement," the district court must resolve the dispute by holding an evidentiary hearing. Bandera v. City of Quincy, 344 F.3d 47, 52 (1st Cir. 2003).

The court will apply Massachusetts contract law[2] in deciding whether a settlement agreement is valid and enforceable. See Fid.

---

[1] Because the motion to enforce the settlement was filed while there were still claims pending in this court, the court assumes, without deciding, that it still has authority to enforce the alleged settlement. The parties should be prepared to address this issue at the evidentiary hearing.

[2] It is not clear whether federal common law or Massachusetts common law would govern the formation of a settlement agreement in this case. Federal common law would govern "where the underlying cause of action is federal in nature." Malave v. Carney Hosp., 170 F.3d 217, 220 (1st Cir. 1999). Massachusetts common law would govern in a diversity action. See Fid. & Guar. Ins. Co. v. Star

3

& Guar. Ins. Co. v. Star Equipment Corp., 541 F.3d 1, 5 (1st Cir. 2008). "[T]o create an enforceable contract, there must be agreement between the parties on the material terms of that contract, and the parties must have a present intention to be bound by that agreement." Situation Mgmt. Sys., Inc. v. Malouf, Inc., 430 Mass. 875, 878 (2000). If the material terms of a settlement are agreed upon, a party "cannot escape [the] agreement" on the grounds that it was not written. Quint, 246 F.3d at 14.

If the settlement agreement is entered into by a party's attorney, the party seeking to enforce the agreement must show that the attorney had actual authority to bind his client. See Hubbard v. Peairs, 24 Mass. App. Ct. 372, 377 (1987); Malave v. Carney Hosp., 170 F.3d 217, 221 (1st Cir. 1999) (same rule under federal common law). Actual authority may be conferred either expressly by the client or by implication from the client's conduct. See Hubbard, 24 Mass. App. Ct. at 377-78.

II. DISCUSSION

The defendants' Affidavit of Steven T. Snow creates disputes of material fact that preclude granting the plaintiff's motion for

---

Equipment Corp., 541 F.3d 1, 5 (1st Cir. 2008). The instant case is in federal court pursuant to federal question jurisdiction, but the only claims asserted against defendants North Street Steakhouse and Richardi were based on Massachusetts law. For present purposes, the court assumes that Massachusetts law governs the alleged settlement agreement. In any event, there does not appear to be any relevant differences for basic contract law principles.

4

summary judgment. Viewing the evidence in the light most favorable to the defendants, a reasonable factfinder could find the following facts.

Mr. Snow, as counsel for the defendants, engaged in settlement discussions with Alves' counsel, Jonathan Plaut, following the jury verdict in this case. <u>Affidavit of Steven T. Snow</u>, ¶4. In a May 29, 2015 email, Mr. Plaut wrote, "subject to a written settlement agreement and final written approval by Mr. Alves, we would respectfully demand $50,000 to resolve the 93A claim and the appeal." <u>Id.</u>, Ex. 2. In a response that same day, Mr. Snow provided his cell phone number and told Mr. Plaut to "[f]eel free to contact [Mr. Snow] after speaking with Mr. Alves." <u>Id.</u>

During a telephone conversation between Mr. Plaut and Mr. Snow on May 30, 2015, Mr. Plaut stated "that his client would accept the sum of Twenty Five Thousand ($25,000.00) Dollars to resolve all claims." <u>Id.</u>, ¶8. Mr. Snow clarified that this amount "would resolve all claims," and Mr. Plaut "assured [him] that it would." <u>Id.</u> After speaking with his client, on May 31, 2015, Mr. Snow called Mr. Plaut "and informed him that [Mr. Snow's client] had accepted Mr. Alves demand, and [Mr. Snow] extended to [Mr. Plaut] on behalf of Mr. Alves the sum of Twenty Five Thousand ($25,000.00) Dollars to settle the 93A claims, and the appeal of the underlying case." <u>Id.</u>, ¶9. During that conversation, Mr. Snow "repeated to Attorney Plaut that [they] had just agreed to

5

resolve all outstanding issues and [Mr. Plaut] acknowledged such a resolution." Id.

On June 1, 2015, Mr. Snow and his co-counsel Joseph Cavanaugh, called Mr. Plaut in order to finalize the settlement documents. Mr. Plaut did not answer. On June 2, 2015, Mr. Plaut sent an email stating that "there is no settlement unless and until Mr. Alves and your clients sign a settlement agreement." Id., Ex. 5. In a telephone conversation later that day, Mr. Plaut confirmed that he still represented Mr. Alves. Id., ¶14.

Alves denies these allegations and contends that, even if Mr. Plaut did accept a settlement offer, he lacked the actual authority to do so. However, viewing the evidence in the light most favorable to the defendants, a reasonable fact-finder could conclude that Mr. Plaut spoke to Alves on May 29, 2015, received authorization from Mr. Alves to make a settlement offer of $25,000 that would settle all claims and appeals involving the defendants, and that Mr. Snow accepted that offer on behalf of the defendants on May 31, 2015, thus creating a binding settlement agreement. See Quint, 246 F.3d at 14-15 (affirming the district court's finding that an oral settlement agreement was enforceable over the plaintiff's contentions that the parties contemplated that the final settlement would be written and that her attorney lacked actual authority to reach a settlement).

The court will hold an evidentiary hearing to determine whether the parties entered into a binding settlement agreement. See Bandera, 344 F.3d at 51-52. Because counsel for both parties will be required to testify at this hearing, Mr. Snow, Mr. Cavanaugh, and Mr. Plaut are being ordered to inform the court as to who will represent them during questioning at the evidentiary hearing.

In view of the foregoing, it is hereby ORDERED that:

1. By July 10, 2015, defendants North Street Steakhouse and Edmond Richardi shall report whether they wish to withdraw their Motion to Enforce Settlement Agreement with Plaintiff, Duane Alves.

2. If the defendants do not withdraw their motion, the parties shall, by July 24, 2015, file proposed findings of fact and conclusions of law, with memoranda discussing the relevant legal authority as applied to the proposed facts.

3. The court will hold an evidentiary hearing regarding that motion on August 18, 2015, at 10:00 a.m. As attorneys Cavanaugh, Snow, and Plaut are witnesses who will be questioned during this hearing, they shall inform the court prior to the hearing as to who will represent them during the questioning.


UNITED STATES DISTRICT JUDGE