```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

DUANE ALVES,                      )
     Plaintiff,                   )
                                  )
     v.                           )   C.A. No. 12-10935-MLW
                                  )
JOHN DALY, ET AL.,                )
  Defendants.
```

MEMORANDUM AND ORDER

WOLF, D.J.                                          August 13, 2015

Plaintiff Duane Alves brought this lawsuit against several defendants for injuries arising out of a bar fight at the North Street Steakhouse ("North Street") on May 25, 2011. He alleged, among other things, that a group of off-duty police officers, John Daly, Ariel Collazo, and Christopher Borum (the "police officer defendants"), assaulted and battered him at the bar. He further alleged that North Street and its employees, Jonathan Welch, Edmund Richardi, and Luis Martinez (the "North Street defendants"), were negligent in allowing him to be attacked. He also claimed that Richardi and North Street committed unfair and deceptive actions in violation of Massachusetts General Laws Chapter 93A.

On May 4, 2015, the jury trial began in this case. The trial lasted three weeks. On May 27, 2015, the jury returned a verdict in favor of the defendants on all counts. After trial, the court ruled in favor of North Street and Richardi on the

Chapter 93A claim. On July 2, 2015, the court entered judgment for all defendants on all counts.

On July 17, 2015, Alves filed a Motion for a New Trial (the "Motion"). He argues that the court should set aside the jury verdict and grant him a new trial for three reasons. First, he asserts that, in light of the evidence at trial, no reasonable jury could have found for any of the defendants on any of his claims. Second, he contends that defendant Jonathan Welch tampered with the jury by whispering "Not Guilty" during jury selection and that defense counsel Leonard Kesten tainted the jury by his conduct throughout the trial. Finally, he argues that the court committed legal error by granting judgment as a matter of law to the police officer defendants on the negligence claim against them. The defendants have opposed the Motion.

"District courts 'may set aside a jury's verdict and order a new trial only if the verdict is so clearly against the weight of the evidence as to amount to a manifest miscarriage of justice.'" Rivera Castillo v. Autokirey, Inc., 379 F.3d 4, 13 (1st Cir. 2004) (quoting Federico v. Order of Saint Benedict in Rhode Island, 64 F.3d 1, 5 (1st Cir. 1995)). "When deciding whether to grant a new trial, a district court is free to independently weigh the evidence." Jennings v. Jones, 587 F.3d 430, 436 (1st Cir. 2009). "The trial judge, upon considering a

2

motion for new trial, may consider the credibility of witnesses who had testified and . . . will consider the weight of the evidence." Id. (quoting MacQuarrie v. Howard Johnson Co., 877 F.2d 126, 132 (1st Cir. 1989)). However, a "'district judge cannot displace a jury's verdict merely because he disagrees with it' or because 'a contrary verdict may have been equally . . . supportable.'" Id. (quoting Ahern v. Scholz, 85 F.3d 774, 780 (1st Cir. 1996)). The judge "should not interfere with the verdict 'unless it is quite clear that the jury has reached an erroneous result.'" Coffran v. Hitchock Clinic, Inc., 683 F.2d 5, 7 (1st Cir. 1982) (quoting Borras v. Sea-Land Service, Inc., 586 F.2d 881, 889 (1st Cir. 1978)).

"It is the jury's task, not . . . the trial court's, to resolve conflicts in the testimony." Correia v. Fitzgerald, 354 F.3d 47, 56 (1st Cir. 2003). Nearly all of the evidence presented at trial was testimonial. The plaintiff and defendants presented markedly different versions of events. Accordingly, resolution of the conflicting testimony depended on the jury's assessment of the credibility of the parties and witnesses. Based on the conflicting evidence presented, reasonable people could disagree as to what happened at North Street on May 25, 2011. There was substantial evidence in the record, including the testimony of the defendants, to support

3

the jury's conclusion. Accordingly, the court finds that the jury's verdict was not so clearly against the weight of the evidence as to amount to a miscarriage of justice. See Rivera Castillo 379 F.3d at 13.

Alves' argument that the jury was tainted by the conduct of defendant Welch and Mr. Kesten is not meritorious. With regard to Welch, Alves was informed of Welch's comment and did not request that the court take any remedial action. Therefore, any argument based on Welch's comment is waived. In any event, the comment did not prejudice Alves. The comment was directed to the courtroom deputy at the beginning of jury selection, was not relevant to the case, and there is no evidence that any potential jurors heard it.

Regarding Mr. Kesten, the court took several steps throughout the trial to ensure that the jury was not influenced by Mr. Kesten's conduct. The court repeatedly admonished him when he spoke out of turn and required him to sit in a different location in the courtroom so that he would not be as visible to the jury. If anything, the court's admonitions of Mr. Kesten in front of the jury may have benefitted Alves. In any event, there is no reason to believe that Mr. Kesten's conduct prejudiced Alves.

4

Finally, the legal argument Alves raises regarding the negligence claim against the police officers was carefully considered and rejected at trial. For the reasons that the court stated in granting judgment as a matter of law on the negligence claim against the police officer defendants, Alves' argument is not meritorious.

Alves has also moved for leave to proceed in forma pauperis. That motion is being denied because Alves is still represented by counsel and because there will be no further proceedings in this court.

In view of the foregoing, it is hereby ORDERED that:

1. Plaintiff's Motion for a New Trial (Docket No. 423) is DENIED.

2. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 393) is DENIED.

3. Plaintiff's Amended Motion for Leave to Proceed In Forma Pauperis (Docket No. 397) is DENIED.

                                                   /s/ Mark L. Wolf
                                           UNITED STATES DISTRICT JUDGE